UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:15-cv-11006-PBS

Charles Robert Gillis,

    Plaintiff, Pro Se,

v.                                                     CIVIL ACTION NO. 1:15-cv-11006-PBS

AETNA DISABILITY SERVICES,

    Defendant.

## MEMORANUM OF LAW IN SUPPORT OF
## PLAINTIFF'S OPPOSITION TO DEFENDANT'S REQUEST FOR SUMMARY JUDGEMENT

Date 01 13 2016

Respectfully submitted by

Charles Robert Gillis, Plaintiff, pro se
21 Hilltop Street
Dorchester, MA. 02124
Home 857-271-3445
Cell 617-549-0959

# TABLE OF CONTENTS

| | Page |
|---|---|
| TABLE OF CONTENTS | i |
| TABLE OF AUTHORITIES | ii |
| PRELIMINARY STATEMENT | 2 |
| FACTUAL BASIS OF MOTION | 3 |
| ARGUMENT | 6 |
| 1. Plaintiff, pro se provides proof for qualification for Disability Benefits and demonstrates Aetna abused its discretion in evaluating Plaintiff's Claim. | 6-17 |
| 2. AETNA did not carefully review Gillis' STD and LTD Claims, and did not give due consideration to the Medical Evidence, and accordingly did abuse its discretion in denying the claims. | 6-17 |
| Conclusion | 17 |

| Cases | Page |
|---|---|
| **Calvert v. Firstar Finance, Inc., 409 F.3d 286 (6th Cir. 2005);** | **12** |
| **Glenn v. Metlife, 461 F.3d 660 (6th Cir.2006);** | **12** |
| **Raybourne v. Cigna Life Ins. C. of New York, 2012 U.S. App. Lexis 24018 (7th Cir. Nov. 21, 2012)** | **12** |

## **PLAINTIFF'S OPPOSITION TO DEFENDANT'S REQUEST FOR SUMMARY JUDGEMENT**

Dear Honorable Magistrate Judge Donald L. Cabell,

I respectfully request the US District Court Judge to deny the Defendant's Summary Judgement as there are questions of fact that need to be determined by this Honorable US District Court.

### **Preliminary Statement**

I want to thank this Federal Court in accepting my case in which I represent myself as pro se.

Initially, I did have an Attorney who was representing me; unfortunately he became very sick and wrote to Aetna that he indeed had been very sick. My case was given to another Attorney of the same firm, who wrote to Aetna stating he was new to law. Shortly afterwards, I received a letter from the same Law Firm stating unfortunately they were withdrawing. The Law Firm told me they would not be able to handle the case but told me they felt the case was of merit.

I received Childrens' Hospital Boston Short Term Disability ("STD") Benefits for a brief period of time due to surgery to address problems with one my knees. Childrens' Hospital Boston approved my 12 weeks of absence and benefit status under the Family and Medical Leave Act (FMLA) job protected leave. Childrens' Hospital Boston and AETNA denied my approved 12 weeks of absence and benefit status after 38 days. Six (6) days after Childrens' Hospital Boston and AETNA denied by STD benefits, Childrens' Hospital Boston eliminated my job.

I applied for long term disability ("LTD") adhering to all the rules, regulations procedures and standards required by Childrens' Hospital Boston and Aetna. I submitted to Aetna all the proper medical documentation from my Orthopedic Surgeon, MD and Neurologist, MD numerous times and was denied repeatedly LTD benefits.

AETNA did not act reasonably and carefully in denying the Plaintiff, pro se Mr. Gillis' Claims.

## Factual Basis of Motion

Initially I did have the assistance of an Attorney who tried to pursue the Childrens' Hospital Boston Benefits of my short term disability ("STD") which was denied by Childrens' Hospital Boston, and AETNA after only 38 days.

Initially I did have the assistance of an Attorney who tried to pursue the Childrens' Hospital Benefits of my long term disability ("LTD") after it was also denied by AETNA.

Unfortunately the law firm representing me withdrew and I was told because the Attorney representing me had been very sick and they had a back log of cases.

At this time I the Plaintiff represent myself pro se regarding Childrens' Hospital Boston and AETNA's denial of my short term disability ("STD") Benefits after receiving only 38 days rather than the 12 weeks approved for me under the Family and Medical Leave Act.

At this time I represent myself regarding AETNA's June 9, 2014 denial of my long term disability ("LTD") claim.

I worked for Children's Hospital for more than TEN (10) years as a loyal dedicated employee and paid my federal and state income taxes, local and municipal taxes as well as my federal social security employment taxes. I participated in Childrens' Hospital Boston Benefits insurance plans for Health Care, Short Term Disability Insurance underwritten by AETNA and at an additional personal expense participated in Children's Hospital Boston Benefits Long Term Disability Insurance underwritten by AETNA.

My claims are filed pursuant to 29 U.S.C.: 1001, et seq. (ERISA). Venue and jurisdiction are, therefore, proper pursuant to 29 U.S.C 1132. I Charles Gillis, the Plaintiff, pro se, am a resident of Suffolk County, Massachusetts. Aetna Life Insurance Company, Aetna or Defendant is a Foreign Corporation doing business in Massachusetts is the Insurer and Claims Administrator of the Children's Hospital Boston disability policies at issue in this matter. At all times material to this action, there was in full force and effect group insurance policies for temporary disability benefits ("the ST Policy"), numbered GP-818962, and for long –term benefits ('the LTD Policy"), numbered GP-818962, constituting binding contracts between Defendant Aetna and Plaintiff Charles Gillis pro se. I, the Plaintiff, was covered under Certificate of Coverage, group insurance contract, Group Policy Number: GP-818962, effective date January 1, 2008.

I met AETNA'S ELIGIBIILTY REQUIREMENT. I was in the ELGIBLE CLASS, a regular full –time active employee of an Employer, Children's Hospital Boston, participating in this Plan.

I met my responsibility by paying AETNA's premium for long term Disability Insurance. Week after week, month after month, year after year since 1999, when I began my employment with Children's Hospital Boston, I had the cost of AETNA's premium drawn from my weekly salary

and direct deposited into AETNA's long term disability insurance premium account which constituted a binding contract.

I met AETNA's "Tests of Disability" which total approximately 30 Tests in addition to other Tests

**Childrens' Hospital Benefits "Tests of Disability" states**

And

**AETNA's "Tests of Disability" states**

**Your LTD plan states:**
**"Test of Disability**

From the date that you first become disabled and until Monthly Benefits are payable for 60 months, you will be deemed to be disabled on any day if:
. You are not able to perform the material duties of your own occupation solely because of: disease or injury; and
. Your work earnings are 80% or less of your adjusted pre-disability earnings. After the first 60 months that any Monthly Benefit is payable during a period of disability, you will be deemed to be disabled on any day if you are not able to work at any reasonable occupation solely because of:
.disease; or
.injury.
If your own occupation requires a professional or occupational or certification of any kind,
You will be deemed to be disabled solely because of the loss of that license or certification."

"A Period of Disability
A period of disability starts on the first day you are disabled as a direct result of a significant change in your physical or
mental condition occurring while you are insured under this Plan. You must be under the regular care of a physician. (You will not be deemed to be under the regular care of a physician more than 31 days before the date he or she has seen and treated you in person for the disease or injury that caused the disability.)
Your period of disability ends on the first to occur of:
. The date Aetna finds you are no longer disabled or the date you fail to furnish proof that you are disabled.
. The date Aetna finds that you have withheld information which indicates you are performing, or are capable of performing, the duties of a reasonable occupation.
. The date you refuse to be examined by, or cooperate with, an independent physician or a licensed or certified health care practitioner, as requested.
. The date you cease to be under the regular care of a physician.

. The date an independent medical exam report or functional capacity evaluation fails to confirm your disability.
.The date you reach the end of your Maximum Benefit Duration.
.The date you are not undergoing effective treatment for alcoholism or drug abuse, if your disability is caused to any
extent by alcoholism or drug abuse.
. The date you refuse to cooperate with or accept:
changes made to a work sit or job process to suit your identified medical limitations;
or adaptive equipment or devices designed to suit your identified medical limitations;
which would enable you to perform your own occupation or a reasonable occupation (if you are receiving benefits for
being unable to work any reasonable occupation) and provided that a physician agrees that such
changes or adaptive
equipment suit your medical limitations.
.The date you refuse to receive treatment recommended by your attending physician that in Aetna's opinion would: cure; correct; or limit your disability.
. The date your condition would permit you to work, or increase the number of hours you work, or the number or type of duties you perform in your own occupation, but you refuse to do so.
. The date of your death.
. The day after Aetna determines you are able to participate in an Approved Rehabilitation Program and you refuse to do so.
A period of disability will end after 24 monthly benefits are payable if it is determined that the disability is primarily caused by:
. A Mental Health or Psychiatric condition, including physical manifestations of these condition, but excluding those
conditions with demonstrable, structural brain damage; or
. Alcohol and / or Drug Abuse.
There are two exceptions which apply if you are confined as an inpatient in a hospital or treatment facility for treatment of that condition at the end of such 24 months.
If the inpatient confinement lasts less than 30 days, the period of disability will cease when you are no longer confined.
. If the inpatient confinement lasts 30 days or more, the period of disability may continue until 90 days after the date you
have not been so continuously confined.
The Separate Periods of Disability section does not apply beyond 24 months to periods of disability which are subject to the above paragraph."

**I, The Plaintiff complied with all of Aetna's "Test of Disability "**

## AETNA's Policy and Procedure of "How and When to Report Your Claim"

You are required to submit a claim to Aetna by following the procedure chosen by your Employer, Childrens' Hospital Boston. If the procedure requires forms be submitted, they may

be obtained at your place of employment, Children's Hospital Boston or from Aetna. Your claim must give proof of the nature and extent of the loss. Aetna may require copies of documents to support your claim, <u>including data about any other income benefits</u>. You must also provide Aetna with authorizations to allow it to investigate your claim and your eligibility for and the amount of other income benefits.
<u>You must furnish such true and correct information</u> as Aetna may reasonably request.
The deadline for filing a claim for benefits is 90 days after the end of the elimination period. If, through no fault of your own, you are not able to meet the deadline for filing a claim, your claim will be accepted if you file as soon as possible; but not later than 1 year after the deadline unless you are legally incapacitated. Otherwise, late claims will not be covered." If you have any questions, or for medical reasons you are not able to provide the above requested information, please contact our Aetna office immediately at 1-866-326-1379.

I met AETNA's "Tests of Disability" and I complied with all of the required procedures for filing claims according to Childrens' Hospital Boston and Aetna's policy "How And When To Report Your Claim."

<u>**Aetna Life Insurance Company**, **Aetna** or **Defendant** is a foreign corporation doing business in Massachusetts **is the Insurer and Claims Administrator** of the Childrens' Hospital Boston disability policies at issue in this matter **has a responsibility in administering its Benefits product carefully and reasonably, providing service in a responsible manner and complying with Federal, Massachusetts State and Local Laws**.</u>

<u>**The Children's Hospital Boston has a responsibility in administering Children's Hospital Boston Benefits in a manner that is careful, reasonable and in compliance with Federal, Massachusetts State and Local Laws.**</u>

## Argument

I worked for Children's Hospital for more than TEN (10) years as a loyal dedicated employee and paid my federal and state income taxes, local and municipal taxes as well as my federal social security employment taxes. I participated in Childrens' Hospital Boston Benefits insurance plans for Health Care, Short Term Disability Insurance underwritten by AETNA and at an additional personal expense participated in Children's Hospital Boston Benefits Long Term Disability Insurance underwritten by AETNA.

When I began my employment with Children's Hospital Boston, I had the cost of AETNA's premium drawn from my weekly salary and direct deposited into AETNA's long term disability insurance premium account which constituted a binding contract.

AETNA did not fulfill their part of the contract by denying me Short Term Disability (STD) benefits. AETNA did not fulfill their part of the contract by denying me Long Term Disability (LTD) benefits.

The termination of my disability benefits was a breach of the terms of the short and long term disability policies, and the decisions were wrong and arbitrary and capricious. The Termination of my disability benefits was a breach of fiduciary duties owed me under ERISA. The Defendant failed to discharge its duties with respect to discretionary claims processing solely in the interests of me as a participant of the short and long term disability policies.

I do not believe AETNA acted reasonably and carefully in denying my claims for STD and LTD benefits. I believe AETNA is in violation of ERISA laws by obstruction, American Disabilities Act (ADA) and Fair Labor Standards Acts (FLSA) by deviating from them and not applying them properly which is evident in their repeated denial process.

I was in need of a leg operation. I applied for 12 weeks leave of absence and benefit status under the Family and Medical Leave Act (FMLA) which provides job protection. Children's Hospital Boston approved my leave of absence and benefit status under FMLA job protection and it was covered under Childrens' Hospital Boston Short Term Disability (STD) plan. I had my leg operation. Children's Hospital Boston Human Resources Leave Administrator Maria Rodrigues wrote me a letter on September 26, 2011 stating my 12 weeks of FMLA job protected leave ended on 09/16/11 and unfortunately, you are not clear to full unrestricted duty, and it remains uncertain when you might be cleared to full duty; your position can no longer be held beyond 09/22/11. <u>My position was eliminated</u> because I was not clear to full unrestricted duty <u>within six (6) days after the end of approved (FMLA).</u> In total I was afforded 38 days and not the 12 weeks of approved leave covered under FMLA with job protection.

I feel Childrens' Hospital Boston and AETNA was in violation of the United States Department Of Labor, Labor Laws: Federal and Medical Leave Act (FMLA), Americans with Disabilities Act (ADA) and other Federal Laws.

**Family and Medical Leave Act (FMLA).** Family and Medical Leave Act provide certain employees with up to 12 weeks of unpaid, job-protected leave per year. It also requires that their group health benefits be maintained during the leave.

**Americans with Disabilities Act (ADA).** <u>Americans with Disabilities Act is the disability law Title I prohibits private employers from discriminating against qualified individuals with disabilities in job application procedures, hiring, firing, advancement, job assignments, pay, benefits, job training, and other employment practices. This part of the law also requires that employers and other specified person and organizations provide reasonable accommodation for a known disability of a qualified applicant or employee.</u>

**Employer Obligation under Americans with Disabilities Act (ADA).** <u>Employers</u> with 15 or more employees <u>are prohibited</u> under the American with Disabilities Act Title 1 <u>from discriminating against qualified applicants or employees with disabilities.</u>

I had an operation, I was approved by Children's' Hospital Boston for 12 weeks of leave absence under FMLA and after 38 days of receiving Children's' Hospital Boston STD Benefits Program

was denied by AETNA any further benefits which resulted in me losing my job 6 days later. I believe AETNA was in violation of United States Department of Labor and Commonwealth of Massachusetts Labor Laws: Family and Medical Leave Act, Americans with Disabilities Act and Fair Labor Standards Act.

<u>I am a non-exempt employee</u> covered under the Fair Labor Standards Act (FLSA).

<u>I had a disability known to Childrens' Hospital Boston and was covered under the American Disabilities Act (ADA).</u>

Approximately a year before my operation I had asked Childrens' Hospital Boston for reasonable accommodations related to my <u>known disability</u> so I could continue to perform my job which I took great pride in and was refused. I believe <u>Childrens' Hospital Boston denial of my request for reasonable accommodations for my known disability covered under ADA worsen my known disability</u> and expedited this particular leg operation resulting in my permanent disability. Dr. Donald T. Reilly, MD wrote under impression and plan: 05/12/10 "The patient continues to do poorly with his right knee and is attempting to have changes in his work environment." At no time did Childrens' Hospital Boston grant me reasonable accommodations.

My job was eliminated during the time frame I was in an approved FMLA job protection status and while participating as an eligible employee entitled to Childrens' Hospital Boston STD Welfare Benefit Program. No work was found for me.

<u>At no time did Children's Hospital Boston or Aetna afford me full time work and / or part time work. At no time did Childrens' Hospital Boston or Aetna under the American Disabilities Act offer reasonable work accommodations, hold my job open, retrain me for other types of work, offer tuition assistance to go back to school for retraining or was I offered participation in a Telework Program. My job was eliminated and no work was offered.</u>

I feel Childrens' Hospital Boston violated Section 503 of the Rehabilitation ACT of 1973 to take affirmative steps to hire, retain, and promote qualified individuals with disabilities. The regulations implementing Section 503 make clear that this obligation to take affirmative steps includes the duty to refrain from discrimination in employment against qualified individuals with disabilities.

During the time I was represented by a Law Firm, my Attorney requested numerous times from Childrens' Hospital Boston their Benefits Policies for Short Term and Long Term Disability Plans to no avail. I feel Childrens' Hospital Boston is in violation of their Code of Compliance stated in one of their pieces of literature IV. YOUR RIGHTS AS A PARTICIPANT IN THE PLAN – Employee Retirement Income Security Act of 1974 (ERISA). As a participant in the Boston Children's Hospital Health and Welfare Benefit Plan (and the Health Care Reimbursement Plan), you are entitled to certain rights and protections under the Employee Retirement Income Security Act of 1974 (ERISA) page 43 of Childrens' Hospital Boston literature. I believe Childrens' Hospital

Boston created an obstruction and clear violation of the Federal Law, Employee Retirement Income Security Act of 1974 which provides that all participants in the Plan and the Health Care Reimbursement Plan shall be entitled to: Receive Benefits Plan and Program Information.

During the time I was represented by a Law Firm, my Attorney requested from AETNA's customer service representative the STD and LTD Policies and was told that AETNA does not provide these documents to the claimant. At the time my Attorney wrote on April 15, 2014 to AETNA the following excerpt "I would like to request a copy of Mr. Gillis' ST and LTD Policies. I have tried to request these policies directly from Mr. Gillis' employer on multiple occasions to no avail. I have been provided brief summary plan descriptions, but have not been provided the governing plan documents. When speaking to Aetna's customer service representative today, she told me AETNA does not provide these documents to the claimant. These policies are relevant to AETNA's decision, pursuant to 29 C.F.R. 2560.503-1(m) 8, and need to be provided.

Additionally, it appears the customer service representative did not fully document my call on April 3, 2014."

"In addition to requesting a copy of the claim file, which she promptly provided, we discussed my intention to file a LTD claim for Mr. Gillis. I was informed that, since he did not meet the elimination period and did not receive the maximum duration of ST benefits, he was ineligible to file a LTD claim with Aetna. I appreciate your response in this matter with regard to the policies and LTD claim with AETNA."

My Attorney signed off with,

"I appreciate your response in this matter with regard to the policies and a LTD claim."

The Employee Retirement Income Security Act of 1974 (ERISA) is a federal law that set minimum standards for most voluntarily established pension and health plans in the private industry to provide protection for individuals in these plans. ERISA requires plans to provide participants with plan information (/general/topic/health-plans/plan information) including important information about plan features and funding; provides fiduciary responsibilities (/general/topic/health-plans/fiduciary responsibility) for those who manage and control plan assets; requires plans to establish a grievance and appeals process for participants to get benefits from their plans; and gives participants the right to sue for benefits and breaches of fiduciary duty. I believe AETNA's non response to my Attorney or obstruction from getting the proper documents violated Federal Law Employee Retirement Income Security Act of 1974.

I wrote to the Honorable Senator Elizabeth Warren's Office and the Honorable Stephen Lynch's Office for help. AETNA wrote back to the Honorable Senator Elizabeth Warren's Office stating AETNA would send to me the requested documentation and Policies.

I applied to the US District Court for permission to pursue my STD and LTD Benefits in the US District Court and was approved pro se and am grateful. I have tried to the best of my ability to follow the US District Court Procedures in following LOCAL RULE 4.1 SERVICE OF PROCESS – DISMISSAL FOR FAILURE TO MAKE SERVICE within 120 days of the filing of the complaint. I tried to follow the INSTRUCTIONS FOR COMPLETING USM-285, PROCESS RECEIPT AND RETURN.

I did not want to miss the 120 day deadline date for SERVICE OF PROCESS to the Defendant so I wrote to the Honorable Chief Judge Saris asking for an extension of time stating that the United States Marshals Services made two attempts to serve Aetna the summons and was unable to.

The 1st time I filled out United States Marshals (USM) Form USM-284 using the address for legal service given me by Aetna's Appeal Specialist Christi Coen of Aetna Life Insurance Company. The United States Marshals Service (USMS) were told, by an AETNA representative, the Lexington, Kentucky address was a call center and could not locate the individual.

The 2nd time I filled out USM-284, Aetna's Appeal Specialist Christi Coen of Aetna Life insurance Company told me to address it to Boston Children's Hospital, Chief Legal Counsel, Michele Garvin, Esq., Boston Children's Hospital. Boston Children's Hospital, Chief Legal Counsel told the USMS they would not accept it because they were not named on the Summons.

In response to my letter to the Judge, the Honorable Judge wrote me back saying I still had time for service.

I went back to the US District Court a 3rd time asking for form USM-285, PROCESS RECEIPT AND RETURN.

The 3rd time I filled out USM-284 and was told by an AETNA Representative to use a Hartford, CT address. The USMS was told by an AETNA Representative AETNA would not accept it because it was not the correct address for legal service.

I was getting really nervous in not being able to have the US Court Summons properly served after (3) three attempts by the United States Marshal Services. I went to a number of Federal Agencies and State Agencies asking for help and was directed to The COMMONWEALTH OF MASSACHUSETTS, Office of Consumer Affairs and Business Regulations, DIVISION OF INSURANCE.

I went to the Massachusetts Insurance Commission and told them I filled out form USM-284, (3) three times to be in compliance with LOCAL RULE 4.1 SERVICE OF PROCESS and each time the US Department of Justice, United States Marshals Service attempted delivery it was refused.

I told the Insurance Commissioner's Office each time AETNA Representative gave me the address for Agent For Service of Legal Process and each time it was returned by the US Marshals Services as undeliverable. I also said when I tried to contact Childrens' Hospital Boston Chief Legal Office, I was not put through and my call was refused.

Thank fully, the Commissioner of Insurance in his capacity as attorney and registered agent for, Service of Process* for a foreign insurance company, as provided for in Massachusetts General Laws, Chapter 175 151(3) and 154 was able to properly serve the Summons to AETNA the defendant.

In total I tried (4) four times to have the US Court Summons served to the Defendant. Three times (3) times I filled out USM-284 requesting the USMS to serve the Defendant to no avail. Each and every time the USMS tried to serve the Summons AETNA refuse to accept it by saying it was not properly addressed. I believe that AETNA created an obstruction and is ingenuous. AETNA's Representatives and Aetna, Disability Services Representatives were the Agents who gave me the wrong for legal process.

I believe this is in violation of ERISA and Childrens' Hospital Boston "The Code of Conduct" Document: CM 00.0.000 and is in violation of Childrens' Hospital comprehensive Compliance Program for the Company and its Contractors, "The Compliance Manual" Document: CM 09.0.000 Response to Investigations. I called the Chief Legal Counsel's Office to get a proper address for the Agent for Legal Service, so the US Marshals Services could deliver the US District Court Summons and they refused to put me through to the General Counsel's Office and hung up.

I made tens of calls to Aetna's Offices and no one would return my call and those that did gave me the incorrect address. The proof is, I have received from the US Marshals Services (3) refused USM-284 mail packages not accepted because AETNA said it was addressed incorrectly or had the wrong legal name for legal service. I feel this was a total insult to the Taxpayers of American whose taxes fund the USMS; this Federal Agency is a valuable critical Law Enforcement Agency. Most importantly, Aetna and Children's Hospital Boston wasted the US Marshalls Services time when it should be spent protecting the United States of America against terrorists and should be spent protecting the people and the United States Government by fulfilling their critical Law Enforcement role. I also feel that it was totally disrespectful to tie up the US Federal Court by wasting its valuable time responsible for rendering justice and upholding the Constitution.

Representatives of Aetna and Childrens' Hospital Boston told me to apply for Social Security Disability Insurance and said once I am approved for Social Security Disability Insurance Aetna generally approves your Long Term Disability claim with Aetna. I was put in this horrible situation by Childrens' Hospital Boston by providing me no work and intolerable situation created by AETNA's DENIAL OF MY SHORT TERM AND LONG TERM DISABILITY INSURANCE BENEFITS UNDERWRITTEN BY AETNA which left me penniless and unable to help with the support of myself and with the support of my family and left me with no alternative but to apply for Welfare, Mass Health Insurance and Social Security Disability in order to sustain myself and my family. I notified Aetna and told them I had submitted all the medical documentation and supportive documents to the Social Security Administration and was approved. Aetna told me that they use a different standard than the Social Security

Administration. Aetna wants to use one set of rules to be applied for Aetna's benefit and a different set of rules in applying their claims procedures which are arbitrary and capricious.

## In the 6th Circuit, the LTD Carrier is not permitted to ignore the SSA disability finding

**Calvert v. Firstar Finance, Inc., 409 F.3d 286 (6th Cir. 2005);**
**Glenn v. Metlife, 461 F.3d 660 (6th Cir.2006);**
**Raybourne v. Cigna Life Ins. C. of New York, 2012 U.S. App. Lexis 24018 (7th Cir. Nov. 21, 2012)**

In the 6th Circuit, the LTD Carrier is not permitted to ignore the SSA disability finding. The decision to deny LTD benefits was arbitrary and capricious. Calvert v. Firstar Finance, Inc., 409 F.3d 286 (6th Cir. 2005); Glenn v. Metlife, 461 F.3d 660 (6th Cir.2006). In situations where the LTD carrier receives a financial benefit from the claimant obtaining disability through SSA, the carrier should be estopped from arguing that the claimant is not disabled. Raybourne v. Cigna Life Ins. C. of New York, 2012 U.S. App. Lexis 24018 (7th Cir. Nov. 21, 2012), the court noted the "seemingly inconsistent positions taken by the insurer" that "financially advantageous to the insurer. The Court further noted that Cigna only used his report "when it was financially advantageous to the insurer." Ultimately, the Court concluded: "Cigna's denial of benefits was not supported by substantial medical evidence but instead was the result of a structural conflict of interest." The Court also affirmed the award of attorney fees to Rayborne's attorney.

Children's Hospital Boston according to The Code of Conduct Document: CM00.0.000 states it is committed to conducting all its activities with all applicable State and Federal Laws. The Code of Conduct Children's Hospital Boston Document CM 00.00.000 page 1 of 2 states independent contractors and vendors who provide services to the Hospital must comply with all applicable laws ad hospital policies. Each contractor or other agent furnishing items or services should be given a copy of the manual and provide written certification that it is aware of and will comply with the Children's Hospital's compliance certification and is aware of and will comply with the Hospital's compliance manual.

I believe the Children's Hospital Boston and Aetna has prevented me from economic gain entitled me under the Constitution of the US and the Bill of Rights by denying to pay me 2/3 of my salary or $28K per annual which would have delayed Future Social Security Payments which ultimately would have been higher than the amount of money a month I receive currently from Social Security Disability Insurance.

I met and agreed to AETNA's RIGHT AND OPPORTUNITHY TO EXAMINE AND EVALUATE MY PERSON, which is the basis of the LTD claim, at all reasonable times while this claim is pending or payable at AETNA's EXPENSE.

Both the ST Policy and the LTD Policy lack language sufficient to confer discretionary authority upon Defendant Aetna and my former Employer Children's Hospital Boston.

At all times material to this action, Aetna operated under an inherent structural conflict of interest because of Aetna's dual role as administrator of claims all while serving as a for-profit insurance company paying benefits out of its own assets.

The purpose of the ST Policy was to provide me with a percentage of my weekly earnings in the event that I become disabled. The purpose of the LTD was to provide me with a percentage of my monthly earnings in the event I become disabled.

I suffer from multiple medical conditions and disabling symptoms, including, but not limited to, bilateral degenerative joint disease of the knees, failed patellofemoral replacements, knee instability, effusions, pontine stroke, severe pain and Type II Diabetes Mellitus erosive arthritis in my fingers and shoulder problems.

I do not believe Aetna properly conducted three independent reviews looking at all the medical documentation submitted numerous times by my Orthopedic Surgeon, and Neurologist, MD and a hand Specialist, MD and followed the standards used by the medical profession.

AETNA's DENIAL OF MY CLAIM FOR LONG TERM DISABIILTY INSURNAANCE has put undue hardship on me and my family members.

I believe that AETNA's DENIAL OF MY CLAIM FOR LONG TERM DISABILITY INSURANCE also resulted in the loss of my position (job) with the Children's Hospital, which I feel was a violation of my Civil Rights under the American Disability Acts.

I called Aetna and have asked Aetna's representative to actually send me to an independent doctor for full physical evaluation a number of times. Aetna's representative said they were going to send me to an independent doctor for a full physical evaluation. Aetna has not examined nor evaluated my physical disability nor have they evaluated my physical disability limitation by an actual Independent Medical Doctor in person. Under the Master Group Policy "Test of Disability" which I agreed to and abide by states Aetna will have the right and opportunity to examine and evaluate any person who is the basis of any claim at all reasonable times while this claim is pending or payable, this will be done at AETNA's expense – 7543. This examination and evaluation has never been performed by AETNA.

WHY HASN'T AETNA SET UP A DATE, TIME AND LOCATION FOR ME TO BE EXAMINED AND EVALUATED AND INCURRED THE EXPENSE OF THE EXAMINATION AND EVALUATION? I will go anytime to any Orthopedic Surgeon MD to be examined in person.

A picture is worth 10,000 words they say and I have taken the liberty to include a picture of one of my legs that has been operated on approximately 16 times.

Aetna has done nothing but moved my case from one claim examiner to another claim examiner to another claim examiner to a peer to peer phone interview review group and then on to another. On one review, conclusion and final determination AETNA's Claim Examiner

stated, their determination was predicated by documents submitted and AETNA's PEER TO PEER PHONE INTERVIEW. A PEER TO PEER PHONE INTERVIEW NEVER TOOK PLACE.

I QUESTION AETNA's PEER TO PEER PHONE INTERVIEW REVIEW. AETNA's PEER TO PEER PHONE INTERVIEW (SUPPOSEDLY THE PARTIES CONSIST OF AETNA'S PHYSICIAN AND MY –THE CLAIMANT'S – PHYSICIANS). THE PEER PHONE INTERVIEW - NEVER TOOK PLACE.

The medical staff in my Orthopedic and Doctors' Offices CLEARLY STATED TO AETNA's Representatives the respective Physicians treating me will not respond to AETNA's telephonic Interviews because it is not an approved practice used by them and the Offices of the Doctors' treating me stated they would only respond to written requests, paper work and documents properly filled out by AETNA when submitted to them.

It is impossible for AETNA to perform PEER TO PEER review and make a determination when all the medical staff working in my Doctors' Offices stated they could not respond to AETNA's telephonic interviews but they would respond to any written requests, paper work, documents AETNA submitted to them. **This PEER TO PEER INTERVIEW REVIEW IS UNREASONABLE AND CERTAINLY HAS NOT BEEN PERFORM CAREFULLY.**

All of my Doctors' Offices have stated they will not perform this PEER TO PEER REVIEW so why didn't AETNA just send me to an Independent Medical Examiner to be evaluated. I believe this is just another breech of the contract I have with AETNA as far as I am concern AETNA has taken all of my Premium Monies paid by theft by deception by not performing or rendering the product I paid for. I feel they are also breeching the Fiduciary Responsibility given them by Childrens' Hospital Boston and their Board of Trustees.

CHILDREN'S HOSPITAL BOSTON AND AETNA HAS CREATED A CONVOULTED LONG TERM DIABILITY INSURANCE PROGRAM, WITH EVER CHANGING POLICIES, TERMS, CLAIMS EXAMINERS, PERSONNEL, TO EVER CHANGING PROCEDURES, REQUIRING EVER CHANGING DOCUMENTS PREVENTING POLICY HOLDERS FROM RECEIVING THEIR EARNED, VESTED AND PAID INSURNACE BENEFITS.

I believe that AETNA has not acted in good faith and AETNA HAS BREECHED ITS FIDUCIARY CAPACITY BY NOT ACTING RESPONSIBLE TO ITS AETNA'S COMMITMENTS and is in violation of the Commonwealth of Massachusetts requirements to provide this type of insurance.

Personally I feel the only way Childrens' Hospital Boston and AETNA would provide STD Benefits and LTD Benefits would award me my eligible and premium paid benefits if I was on life supporting devices and or my parish priest gave me the last rights and then I would get a letter regarding the "TEST OF DISABILITY" to make sure I inform them of my death so they can stop benefits. I question the amount of money paid to the AETNA Attorneys and AETNA Representatives and to the Contract Doctors hired by AETNA and wonder is it more than the $28K annual benefit I am trying to get for 5 years to help support myself and family having used

all of my savings from working more than 40 years to support me and my family during the time I went without any monies while applying for Social Security Disability Insurance.

I believe AETNA INSURANCE COMPANY has breached their contract with Childrens' Hospital Boston and has breached the Commonwealth of Massachusetts Laws and certainly ERISA Laws as well as the Code of Conduct adopted by Childrens' Hospital.

I believe **AETNA** Insurance Company has breech the contract I had with Aetna as an eligible employee of Childrens' Hospital by not providing me LTD Benefits and **placing the burden** of Aetna's Long Term Disability Benefits program **on the Social Security Administration** by telling its LTD members like myself to apply for Social Security Disability Benefits afforded me through the Social Security Administration because of AETNA's failure to pay legitimate monthly benefits entitled under their claims procedure program.

It is totally unfair for Aetna to continually change its LTD policy on one hand it states you must follow the maximum benefit duration ie: your period of disability will end on the later of: Page 3. The calendar month in which you reach normal retirement age, as determined by the 1983 Amended Social Security Normal Retirement Age; and
. The expiration of the number of months of disability, after the elimination period is met as figured from the following Schedule, if your period of disability on or after the date you reach age 62:
Aetna has an entire algorithm of when the period of Disability Starts and the months of disability entitlement. That is so unfair what if a person wanted to hold off until the age of 66 or older?

Aetna request the Employee filing a claim must report any and all income from all sources so it can reduce a participant's benefits ie: a person applies for and is approved for Social Security Disability Benefits must report to AETNA any and all income from all sources so it can reduce its LTD Benefits to the employee. AETNA wants claimants to sign a reimbursable agreement. Aetna wants to use one set of rules to be applied for Aetna's benefit and a different set of rules in applying their claims procedures which are arbitrary and capricious.

AETNA'S LONG TERM DISABLITY INSURANCE PROGRAM NOT ONLY HAS AN ADVERSE AFFECT ON CLAIMANTS BUT HAS PLACED AN UNDUE BURDEN ON THE UNITED STATES SOCIAL SECURITY ADMINISTRATION BY THEIR FAILURE TO PAY LEGITIMATE MONTHLY BENEFITS DUE THEIR CLAIMANTS BY GIVING CLAIMANTS NO ALTERNATIVE BUT TO APPLY FOR SOCIAL SECURITY DISABIILTY AND OR EARLY SOCIAL SECURITY WHEN THEY REACH 62. And then AETNA asks the Claimant to sign a reimbursable agreement and / or tells the Claimant if you hit 62 you have to apply for Social Security Benefits because we are not going to pay you for the LTD benefits you paid for each month in the form of a premium.

AETNA has one set of standards used to deny claims and another set of standards to take unearned monies from its claimants as other income. It is income taken by AETNA but income earned by the hard working American Federal and State tax paying claimant.

I cannot think of a more dedicated group of hard working employees possessing the highest integrity than those of the Social Security Administration, processing each month more than 2 million disability benefits checks totaling in the billions of dollars per annum. The Social Security Administration uses a most comprehensive program to determine a Claimant's application. There are 54 State Agencies fully funded by the Federal Government and each claim follows a rigid set of standards in order for the claim to be approved. Approval is predicated on critical elements and strict rules for medical evidence and precise medical standards.

How does the federal government define "disability"? The definition varies depending on the purpose for which it is being used. Federal and State Agencies generally use a definition that is specific to a particular program or service. For example:

. For purposes of nondiscrimination laws (e.g. the Americans with Disabilities Act, Section 503 of the Rehabilitation Act of 1973 and Section 188 of the Workforce Investment Act), a person with a disability is generally defined as someone who (1) has a physical or mental impairment that substantially limits one or more "major life activities," (2) has a record of such an impairment, or (3) is regarded as having such an impairment.

. To be found disabled for purposes of Social Security disability benefits, individuals must have severe disability (or combination of disabilities) that has lasted, or is expected to last, at least 12 months or result in death, and which prevents working at a "substantial gainful activity" level.

I feel that AETNA should ask to have an Independent Review by a Federal and or State Agency to evaluate and improve their rudimentary system of evaluating Individuals (claimants) with permanent disabilities as defined by the Disability Definition and the usage of an accepted set of standards, rules and acts prescribed and adopted by US Department of Labor, and implement the high criteria standards used by the United States Social Security Administration Disability Insurance Program (title II of the Social Security Act (the ACT) and the supplemental security income (SSI) program (SSI) program (title XVI of the ACT). The ACT and SSA implementing regulations prescribe rules for deciding if an individual is "disabled". SSA criteria uses a medically determinable impairment supported by medical evidence. SSA regulations provide a procedure known as the "sequential evaluation process" for disability evaluation – a five step process that requires sequential reviews. Disability Evaluation under Social Security follows Evidentiary Requirements procedure using Medical Evidence as the cornerstone of the disability determination.

I feel AETNA's evaluation procedures are arbitrary, unreasonable and did not provide care in administrating its discretionary authority when rending its decisions of denial to my claims.

I have submitted numerous letters, documents from my Orthopedic Surgeon and my Neurologist stating I am permanently disabled. AETNA has a host of mandatory documents a claimant participating in its AETNA's LONG TERM DISABLITY PROGRAM must fill out. <u>Every document AETNA has a person fill out requires the person's signature stating the veracity of the document under penalties of fraud.</u> Certainly my Orthopedic Surgeon and my Doctor of Neurology are honorable men, Physicians, who subscribe to the Hippocratic Oath and certainly would not jeopardize their Integrity, License to Practice or the good reputation of the Hospitals they are affiliated with and most importantly their own Personal Reputation.

My Orthopedic Surgeon used the American Medical Association Guides to the Evaluation of Permanent Impairment Fifth Edition to determine the Plaintiff, pro se Mr. Gills' permanent disability status and provided AETNA with all the necessary medical documents. The last one he submitted was signed by Dr. Donald Reilly on 05 / 06/ 2014 stating I was Permanently Disabled and my next visit was 02 / 2015. My Neurologist Dr. Ortiz has also stated I am permanently disabled. Since I have been back for follow up visits I have been told that the screws in my leg are becoming loose and I have three options 1) attempt to reconstruct the knee which has numerous operations including a knee replacement but it does not look hopeful. 2) Fuse the leg in a stationary position. 3) Amputate the leg above the knee.

I want to acknowledge the fact that I tried working with AETNA, Disability Services and Childrens' Hospital Boston adhering to all of their request, postponements and requests for extensions for more time to review extensions to respond to the Court. I do not fell AETNA has not afforded me the same curtesy and has never acted with good business acumen and integrity when it came to responding to my requests, my Attorney's request when I had one or returning my tens of phone calls or providing me with legitimate information. I still find it hard to believe that employees of Childrens' Hospital Boston and employees of AETNA would not put my calls through and refused to let me speak with anyone in the legal department.

I believe Children's Hospital Boston and AETNA have dismally failed in providing a Benefits Program partially funded by its eligible full time employees by their failure to administer it unbiased, failure to use reasonableness, failure to use care in providing any form of relief in the form of welfare benefits to its loyal dedicated employees of the Childrens' Hospital Boston.
I would like to submit this letter to you and a few pictures of my leg that has the most operations.

## Conclusion

For the reasons set for the herein, Plaintiff pro se respectfully submits the Court should deny the Defendant's Summary Judgment, as a result of the acts/or omissions of Defendant owes me, the Plaintiff, pro se Mr. Gillis unpaid short and long-term disability benefits, plus interest and / or Mr. Gillis is entitled to appropriate equitable relief as a result of the acts/or omissions of Defendant. The Defendant is liable for Mr. Gillis' Attorney's fees if incurred and the costs of litigation. The Defendant should pay the US Court and US Marshals Services for any costs incurred as a result of not providing a good address and name in order make Legal Service of

Official Court Documents. The Defendant is also liable to place me the Plaintiff pro se Mr. Gillis in the position he would have enjoyed under the policy had the Defendant not wrongfully terminated his / my benefits.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, pro se Charles Gillis prays for a judgment against Defendant for the relief as plead herein and for such other equitable relief as this Honorable Court deems just and proper.

Respectfully submitted this 13 day of January, 2016.

Date 01 13 2016

Respectfully submitted by

Charles Robert Gillis, Plaintiff, pro se
21 Hilltop Street
Dorchester, MA. 02124
Home 857-271-3445
Cell 617-549-0959

CC:
John Houston Pope (adm.pro hac vice)
Barry A. Guryan, BBO #214920
99 Summer Street, Ste.1600
Boston, Massachusetts 02110
(617) 737-3538
BGuryan@ebglaw.com
-and-
250 Park Avenue
New York, New York 10177-1211
(212) 351-4500
JHPope@ebglaw.com
Attorneys for Defendant
AETNA LIFE INSURANCE COMPANY
(sued herein as Aetna Disability Services)