UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                   )
CHARLES ROBERT GILLIS,             )
                                   )
               Plaintiff,          )
          v.                       )   Civil Action
                                   )   No. 15-11006-PBS
AETNA DISABILITY SERVICES,         )
                                   )
               Defendant.          )
_____)

**ORDER**

September 19, 2016

Saris, C.J.

I **ADOPT** the report and recommendation. The record demonstrates that the plaintiff's occupation -- a patient account representative in the finance department at Boston Children's Hospital -- is principally sedentary and that the defendant did not abuse its discretion in finding that the plaintiff could continue to perform the essential functions of that position.

The plaintiff asserts in his opposition to the report and recommendation that the defendant did not properly consider the requirements of his occupation. The plaintiff contends that his job description states that his work requires, among other physical tasks, "frequently lifting and carrying patients/children/objects weighing up to 10 pounds." Docket No.

1

52 at 11. Notably, the plaintiff does not state that he engaged in frequent lifting or carrying.

The record contradicts the plaintiff's assertions. The plaintiff's job description states that a patient account representative "performs a variety of billing/rebilling and collection functions" and is required to demonstrate an understanding of the hospital's billing policies, communicate with internal and external entities to help resolve insurance claims, review account and claim data for accuracy, and prepare and submit claims to third party payors per each payor's specifications. R. 707. The job description makes no mention of any tasks requiring substantial physical exertion. Id.

The plaintiff's own account of his occupation similarly evinces a sedentary role. In a work history and education questionnaire handwritten by the plaintiff on May 7, 2014, he stated that he worked in customer service in patient services. R. 791. In elaborating on the position's duties, he explained that he processed billing inquiries and dealt with insurance companies. Id. He wrote that the position required "sitting for eight hours." Id. He made no mention of lifting or any other physically demanding tasks. In response to a subsequent question about how many hours he sits, stands, or walks on the job, he answered that he sits for at least seven hours and indicated that he did not spend any time walking or standing. In

responding to a list of physical activities that he engaged in on the job, he checked just one, stating that he frequently reached above his shoulders. Id. He left blank the boxes for bending, crawling, kneeling, pushing, pulling, and lifting. Id.

    For the foregoing reasons and those outlined by Magistrate Judge Cabell, the Court **ADOPTS** the report and recommendation.

                                      /s/ PATTI B. SARIS
                                      Patti B. Saris
                                      Chief United States District Judge